**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT BECKLEY**

MATTHEW KEITH ALWARD,

      Petitioner,

v.                                                                CIVIL ACTION NO. 5:25-cv-00618 (Lead)

ALAN MESSENGER, Warden,
FCI Beckley,

      Respondent.


MATTHEW KEITH ALWARD,

      Petitioner,

v.                                                                CIVIL ACTION NO. 5:25-cv-00620 (Member)

WARDEN, FCI BECKLEY,

      Respondent.


**ORDER**

Pending are Petitioner Matthew Keith Alward's (1) Amended Petition for a Writ of

Habeas Corpus under 28 U.S.C. § 2241 [Doc. 15], filed November 7, 2025, (2) Motion for Nunc

Pro Tunc [Doc. 9], filed October 27, 2025, (3) Motion for Preliminary Injunction [Doc. 11], filed

November 3, 2025, (4) Motion to Compel Removal of Detainer [Doc. 32], filed February 23, 2026,

(5) Motion to Compel Respondent to Answer Written Request of Date Currently Set for Halfway

House Placement [Doc. 35], filed March 20, 2026, (6) Motion to Compel Respondent to Remove

Expired Detainer [Doc. 36], filed March 23, 2026, (7) Emergency Motion for Judicial Relief [Doc.

40], filed April 28, 2026, (8) Petition for Special Injunction [Doc. 41], filed April 28, 2026, and (9) Petition for Emergency Injunction [Doc. 42], filed April 28, 2026. This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsley filed his PF&R on June 26, 2026. Magistrate Judge Tinsley recommended that the Court deny Mr. Alward's Amended Petition for a Writ of Habeas Corpus and the remainder of his pending motions as moot given his transfer to pre-release custody and remove these matters from the docket.

The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal the Court's order. *See* 28 U.S.C. § 636(b)(1); *see also United States v. De Leon-Ramirez*, 925 F.3d 177, 181 (4th Cir. 2019) (Parties may not typically "appeal a magistrate judge's findings that were not objected to below, as § 636(b) doesn't require de novo review absent objection."); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Objections in this case were due on July 13, 2026. No objections were filed.[1]

---

[1] On July 13, 2026, -- seventeen days after entry of Magistrate Judge Tinsley's PF&R -- Mr. Alward filed a Notice of Change of Address, requesting the same be updated to his home residence. [Doc. 47]. Despite this update, there is no indication the PF&R was not delivered to Mr.

Accordingly, the Court **ADOPTS** the PF&R [**Doc. 46**], **DENIES AS MOOT** Mr. Alward's (1) Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 [**Doc. 15**], (2) Motion for Nunc Pro Tunc [**Doc. 9**], (3) Motion for Preliminary Injunction [**Doc. 11**], (4) Motion to Compel Removal of Detainer [**Doc. 32**], (5) Motion to Compel Respondent to Answer Written Request of Date Currently Set for Halfway House Placement [**Doc. 35**], (6) Motion to Compel Respondent to Remove Expired Detainer [**Doc. 36**], (7) Emergency Motion for Judicial Relief [**Doc. 40**], (8) Petition for Special Injunction [**Doc. 41**], and (9) Petition for Emergency Injunction [**Doc. 42**], and **REMOVES** these matters from the docket.

The Court directs the Clerk to transmit a copy of this Order to any counsel of record and any unrepresented party.

ENTER:  July 28, 2026



Frank W. Volk
Chief United States District Judge

---

Alward at the prior address he provided in his May 28, 2026, change of address notification. [ECF 44]. The matter is thus ripe for adjudication.

3